322 So.2d 506 (1975)
William Clarence HURLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 46174.
Supreme Court of Florida.
October 15, 1975.
Louis O. Frost, Jr., Public Defender, and K.V. Canipelli and Steven E. Rohan, Asst. Public Defenders, for appellant.
Robert L. Shevin, Atty. Gen., and Carolyn M. Surkowski, Asst. Atty. Gen., for appellee.
ENGLAND, Justice.
This case is here on direct appeal from an order of the Duval County Court which denied appellant's motion to dismiss two traffic offense charges. The county court expressly upheld the constitutionality of Section 316.018, Florida Statutes, thereby giving us jurisdiction under Article V, Section 3(b)(1) of the Florida Constitution.
Appellant was arrested and charged with failing to drive in a single lane, and driving while intoxicated. Following the disposition of procedural matters not pertinent here,[1] appellant moved to dismiss the charges lodged against him, which motion was denied. In the written order of denial the court directly ruled on the validity of Section 316.018. Appellant then pled no *507 contest to the charges against him and was appropriately sentenced by the county judge.
Appellant contends that the court lacked jurisdiction to prosecute him on the basis of a traffic ticket rather than an information, and in the alternative that Section 316.018 is unconstitutional. The gist of appellant's first argument is that the statute which formerly allowed prosecution for traffic violations on the basis of uniform traffic tickets[2] was repealed by a subsequent enactment of the same Legislature.[3] Appellant couples this argument with the mandate of Florida Traffic Rule 6.07, promulgated by this Court, which requires prosecution for traffic violations by way of affidavit, information or indictment in the absence of statutory authority for prosecution by way of uniform traffic citation.
Rule 6.07 provides:
"All prosecutions for traffic violations by law enforcement officers shall be by uniform traffic complaint as prescribed for in Florida Statutes 316.018 or other applicable statutes, or by affidavit, information or indictment as provided for in the Florida Rules of Criminal Procedures."
Appellant's first contention is without merit. Rule 6.07 authorizes prosecution on the basis of a traffic ticket prepared by a police officer. It merely recognizes, however, that the Legislature may prescribe a uniform format for traffic tickets in Florida. The second statute to which appellant refers, read in conjunction with the first,[4] does not eliminate the authorization for prosecution by traffic ticket. It merely eliminates a specific form set forth in the text of the prior statute in order to allow the Department of Highway Safety and Motor Vehicles to prescribe a new format. Appellant has no vested right under the Constitution of the laws of this State to require a state attorney or a grand jury to pass upon probable cause for the commission of a traffic offense.[5]
Appellant argues in the alternative that Section 316.018 is an unconstitutional delegation of prosecutorial authority to a police official. This contention is also without merit. Sections 316.018(2) and (3) direct the deposit of all traffic offense tickets with the appropriate court, after which judicial proceedings commence. A state attorney or his assistant actually prosecutes these matters on behalf of the state. The issuing police official is not the prosecutor.
The order of the Duval County Court is affirmed.
ADKINS, C.J., ROBERTS, BOYD, OVERTON and SUNDBERG, JJ., and FERRIS, Circuit Judge, concur.
NOTES
[1] Appellant filed a suggestion for writ of prohibition in this Court which was denied after hearing, without prejudice to his right to raise appropriate issues in the trial court. Hurley v. Olliff, Case No. 45,660. (July 2, 1974).
[2] Chapter 71-135, Laws of Florida.
[3] Chapter 71-321, Laws of Florida.
[4] Tamiami Trail Tours, Inc. v. Tampa, 159 Fla. 287, 31 So.2d 468 (1947).
[5] Art. I, § 15(a), Fla. Const. (1968).