SMITH, Judge.
Travelers appeals from a judgment awarding appellee Mclnroy personal injury protection benefits, with interest, payable under Travelers’ motor vehicle insurance contract and the Florida Automobile Reparations Reform Act, Section 627.730, et seq., Florida Statutes (1975). Mclnroy consumed a significant amount of alcoholic beverages, drove his insured truck into collision with another vehicle and was injured. He was convicted on his plea of no contest to driving while having a blood alcohol level of .1 percent or above, in violation of Section 316.028(3). Travelers sought to deny Mcln-roy personal injury protection benefits on the ground Section 627.736(2) authorizes insurance policies to exclude or deny such benefits
“(b) To any injured person, if such person’s conduct contributed to his injury *844 under any of the following circumstances:
“2. Being convicted of driving while under the influence of alcohol . to the extent that his driving faculties are impaired. . . .”
The trial court ruled Mclnroy was not so convicted. We affirm.
Florida’s Uniform Traffic Control Law, Chapter 316, proscribes two distinct offenses related to driving after consuming excessive alcohol. The more serious penalties are assessed for violation of Section 316.028(1), which provides:
“(1) It is unlawful . . . for any person who is under the influence of alcoholic beverages, . . . when affected to the extent that his normal faculties are impaired, to drive or be in the actual physical control of any vehicle within this state.”
Section 316.028(3), enforced by somewhat lesser sanctions, provides:
“(3) It is unlawful . . . for any person with a blood alcohol level of 0.10 percent, or above, to drive or be in actual physical control of any vehicle within this state.”
The trial court held, and we agree, that the Automobile Reparations Reform Act excludes personal injury protection benefits, by virtue of Section 627.736(2)(b)2 first above quoted, for those who are convicted of the offense proscribed by Section 316.-028(1), but not for those who are convicted of the Section 316.028(3) offense of driving with a blood alcohol level of .1 percent or above.
The type of conviction on account of which Section 627.736 excludes no-fault benefits is described in language — driving under the influence to the extent one’s “driving faculties are impaired” — which is virtually identical to that of Section 316.-028(1) and markedly similar to Section 860.-01(1) of the criminal code,[1] both of which were existing statutes when 627.736(2) was enacted in 1971. On the other hand, the descriptive language in the no-fault exclusion bears no similarity to that of 316.-028(3). Subsection (3) was not enacted until 1974, and so could not have been in the contemplation of 1971 legislation when enacted. See Chapter 74-384, Laws of Florida.
Travelers seeks to overcome comparisons of the statutory language and enactment dates by pointing to still other statutes which are said to reflect legislative policy ranking the conduct proscribed by subsections (1) and (3) as equally abusive of the driving privilege. E. g., Sections 322.-264(l)(b), 322.44, art. IV(l)(b); but see 322.-28(2)(a), Florida Statutes (1975). Travelers’ argument, that personal injury protection benefits should be denied those whose driving privileges are suspended or revoked for alcohol-related offenses, is properly addressed to the legislature, not to the courts.
Travelers next argues that a conviction under subsection (3) of 316.028 is tantamount to a conviction under subsection (1) because Section 322.262(2)(c) provides that proof of .1 percent or more by weight of alcohol in a person’s blood
“. . . shall be prima facie evidence that the person was under the influence of alcoholic beverages to the extent that his normal faculties were impaired.”
The inference thus supplied does not transform a conviction for violation of subsection (3) of 316.028 into a conviction for violation of subsection (1). Roberts v. State, 329 So.2d 296 (Fla.1976), is not to the contrary. Nor is it material that in this case the police citation contained in the record indicates a blood alcohol level of .2 percent, twice the measure made criminal by 316.028(3). The legislature made conviction of driving while intoxicated a ground for excluding personal injury protection benefits but did not make the fact of such driving an exclusionary *845 ground, and did not license the trial court in this civil case to try the issue of whether Melnroy drove while under the influence of alcohol to the extent his driving faculties were impaired.
Travelers concludes with an argument that Mclnroy’s offense was equivalent to driving with impaired faculties because Section 322.281 forbade the criminal court to accept Mclnroy’s plea to the offense proscribed by subsection (3) of 316.028, driving with a blood alcohol level of .1 percent or above, unless it was equivalent in gravity to the offense proscribed by subsection (1). Section 322.281 provides:
“(2) No trial judge shall accept a plea of guilty to a lesser offense from a person charged under the provisions of this act who has been given a breath or blood test to determine blood alcohol content, the results of which show a blood alcohol content by weight of 0.20 percent or more.”
The quoted admonition is part of a statute which forbids withholding adjudication or sentence for driving while having an unlawful blood alcohol level or while under the influence of alcohol. Section 322.281(1). The offense of which Melnroy was convicted is one of the offenses which Section 322.281 seeks to preserve against mitigation by withheld adjudication or sentence or by reduction to a lesser charge. It is not one of the unfavored lesser charges, such as reckless driving, of which the statute speaks. The criminal court was empowered to accept Mclnroy’s incriminatory plea, notwithstanding that the plea was offered to the lesser of two offenses proscribed by 316.028.
 We entirely agree with the trial court that:
“Had the Legislature intended to allow an exclusion in policies providing No-Fault Insurance Benefits if a person was convicted of a violation of Section 316.-028(3), (Operating a motor vehicle with blood alcohol level of 0.10% or above) it could have done so. This Court is of the opinion that it is obligated to construe the exclusions under Section 627.736 strictly. Therefore, it is the decision of this Court that a conviction of operating a motor vehicle with an unlawful blood alcohol content ... is not an authorized exclusion under Section 627.736(2)(b2), and further that the defendant improperly denied benefits under the policy of insurance issued in accordance with the Florida Automobile Reparations Reform Act.”
By cross-appeal, Melnroy urges the trial court erred in assessing an inadequate attorney’s fee. No error has been demonstrated. Mclnroy’s motion for an award of fees for the appellate services of his lawyer is granted, the amount to be assessed by the trial court.
AFFIRMED.
MILLS, Acting C. J., and ERVIN, J., concur.

. “(1) It is unlawful for any person, while in an intoxicated condition or under the influence of intoxicating liquor ... to such extent as to deprive him of full possession of his normal faculties, to drive .... Any person convicted . . . shall be punished as provided in § 316.028.”