455 So.2d 607 (1984)
Dianne Janney LAYMAN, Petitioner,
v.
STATE of Florida, Respondent.
No. 84-778.
District Court of Appeal of Florida, Fifth District.
September 6, 1984.
Larry Mark Polsky, Daytona Beach, for petitioner.
*608 Jim Smith, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for respondent.
COWART, Judge.
By petition for certiorari we are asked to review the appellate decision of the circuit court affirming, without opinion, the conviction of petitioner in the county court.
We have exercised discretion[1] and have reviewed the issues presented. We hold that section 316.193(1), Florida Statutes (1983), as it exists after July 1, 1982, the effective date of Chapter 82-155, Laws of Florida,[2] describes but one offense which can be committed by either or both of two methods, i.e., the driving or being in the actual physical possession of a vehicle within this state by a person (a) who is under the influence of alcoholic beverages, chemical substances or control substances to the extent that normal faculties are impaired (§ 316.193(1)(a)), or (b) with a blood alcohol level of 0.10 percent or above (§ 316.193(1)(b)), or both driving under the influence (DUI) and with an unlawful blood alcohol level (DUBAL).
A Florida Uniform Traffic Citation or Notice to Appear, alleging a violation of section 316.193, without specification of either subsection (1)(a) or (1)(b), is sufficient to charge a violation of this statute in either of the two ways it can be violated. Of course, the State may more specifically charge that both subsections have been violated or it may charge the violation of one subsection without charging the violation of the other. The issues presented to the jury by verdict forms should not exceed the issues presented by the charging document. If a violation of both subsections is charged, then, in addition to the alternative of not guilty, the jury verdict may submit the issue of guilt as a violation of section 316.193(1) or, separately, as either a violation of section 316.193(1)(a) (DUI) or a violation of section 316.193(1)(b) (DUBAL). If the charging document is sufficient to charge both ways of violating this statute, the theoretical verdict alternatives are that the accused violated both subsections (guilty) or either subsection (guilty) or neither subsection (not guilty).
Finding no error at either the trial or appellate level the petition for certiorari is
DENIED.
SHARP, J., concurs.
COBB, C.J., concurs in result with opinion.
COBB, Chief Judge, concurring in result:
In the exercise of the discretion of this court, I would simply deny certiorari review of this matter on authority of Combs v. State, 436 So.2d 93 (Fla. 1983).
NOTES
[1] Combs v. State, 436 So.2d 93 (Fla. 1983).
[2] We are not here concerned with the construction of section 316.193, Florida Statutes, as it existed before the amendment made by chapter 82-155, Laws of Florida, or the right to a jury trial involved in Whirley v. State, 450 So.2d 836 (Fla. 1984).