FRANK, Judge.
Frank Clay Gardner invoked our certiora-ri jurisdiction to challenge an order of the Circuit Court of Manatee County which affirmed the county court’s denial of his motion to dismiss the proceeding before it. We deny the petition for certiorari.
Before turning to our resolution of the substantive question before us, however, we emphasize that matters of this kind are generally not appropriate for cer-tiorari review. It is not our purpose to enhance “the possibility of common-law certiorari being used as a vehicle to obtain” two levels of appeal. Combs v. State, 436 So.2d 93, 96 (Fla.1983). We write only to eradicate any uncertainty as to the adequacy of Florida’s Uniform Traffic Citation' as *266 the instrument upon which to pursue conduct violative of Section 316.193, Florida Statutes.
Gardner was charged with the violation of Section 316.193, Florida Statutes. The sole charging instrument was a Florida Uniform Traffic Citation on which the deputy had checked, “Driving While Under The Influence of Alcoholic Beverages, Narcotic Drugs, Barbituates, or Stimulants.” Gardner moved to dismiss the county court’s proceeding on the grounds that the charging instrument was fatally defective for failing sufficiently to inform him of the wrong with which he was charged.
The county court correctly denied Gardner’s motion to dismiss. In affirming the county court’s order, the circuit court relied on the decision of our sister court in Layman v. State, 455 So.2d 607 (Fla. 5th DCA 1984), in which it was held that a “Florida Uniform Traffic Citation or Notice to Appear, alleging a violation of § 316.193, without specification to either subsection (1)(a) or (1)(b) is sufficient to charge a violation of this statute in either of the two ways it can be violated.” We agree with the Layman court and hold that a defendant who is charged in a Florida Uniform Traffic Citation for the violation of Section 316.193, Florida Statutes, is adequately made aware of the infraction for which he or she will be tried.
Petition for Certiorari denied.
SCHEB, A.C.J., and LEHAN, J., concur.