ALTENBERND, Judge.
The lower court granted summary judgment against Bobby Jones on his claim for personal injury protection (PIP) benefits on grounds that he contributed to his injury “while committing a felony.” § 627.736(2)(b), Fla.Stat. (1985). Because there are unresolved issues of fact, we reverse the summary judgment.
On May 11, 1986, Bobby Jones went to a mud hole in Polk County where young people entertain themselves by drinking alcoholic beverages and driving various motor vehicles through the mud. On the relevant afternoon, more than' 100 people had congregated at the mud hole for this purpose. Bobby Jones had consumed a few beers when he engaged in a fight over a girl with Keith Jones. Bobby and Keith are unrelated. Keith allegedly threatened Bobby with a stick. The fight escalated and Bobby assumed the role of aggressor. A vehicle chase commenced. Bobby was in the back of a pickup truck with oversized tires. Another individual was driving the pickup. They were chasing Keith, who was driving a Jeep.
The mud hole was off a paved road and was surrounded by narrow dirt roads. Bobby admitted that he threw a bottle at Keith’s Jeep while on the dirt road. He also admitted that he threw two or three more bottles at the Jeep near the entrance to the paved road.
The pickup truck continued to chase Keith on the paved road. Bobby claimed that: “We just followed him the rest of the time.” Keith, on the other hand, testified that Bobby was throwing bottles and even a tire tool while the two vehicles were traveling down the paved road at approximately forty-five miles an hour.
The two vehicles came upon a slower vehicle., While attempting to pass the slower vehicle and avoid oncoming traffic, the driver of the pickup truck swerved and slammed on his brakes. Bobby was thrown from the pickup and regained consciousness seventeen days later in a hospital.
The state charged Bobby Jones with aggravated battery, § 784.045, Fla.Stat. (1985), and throwing a deadly missile, § 790.19, Fla.Stat. (1985). Under a negotiated plea agreement, the state filed a nolle prosequi as to the charge of aggravated battery, and Bobby Jones pleaded nolo contendere to throwing a deadly missile. Adjudication of guilt was withheld and he was placed on one-year’s probation.
Bobby Jones filed his complaint for PIP benefits under the insurance policy issued to his parents. In reviewing this case, this court is hampered by the absence of the insurance policy from the record. The Florida Motor Vehicle No-Fault Law authorizes an insurer to exclude benefits “to any injured person, if such person’s conduct contributed to his injury under any of the following circumstances: ... 2. Being injured while committing a felony.” § 627.736(2)(b), Fla.Stat. (1985). We cannot determine whether the policy issued by Standard Guaranty Insurance Company contained the authorized exclusion or provided more generous coverage.
Assuming that the insurance policy contained the authorized exclusion, it is still Standard Guaranty’s burden to establish that the exclusion applies without question of fact. Burroughs Corp. v. American Druggists’ Ins. Co., 450 So.2d 540 (Fla. 2d DCA 1984). Although the statute authorizes exclusions, those exclusions must still be strictly construed. Travelers Indemnity Co. of America v. McInroy, 342 So.2d 842 (Fla. 1st DCA 1977); U.S. Sugar Corp. v. Nationwide Mut. Ins. Co., 475 So.2d 1350 (Fla. 2d DCA 1985). PIP benefits are *549 intended by the legislature to assure an injured party “a speedy payment of medical bills and compensation for lost income from his own insurer, even where the injured party was himself clearly at fault.” Lasky v. State Farm Ins. Co., 296 So.2d 9, 15 (Fla.1974).
In order to prevail on the authorized exclusion at summary judgment, Standard Guaranty must establish without question of fact that Bobby Jones was injured “while” committing a felony, and that the felonious conduct “contributed” to his injury. Standard Guaranty has not fulfilled that burden in this case. If the jury believes Bobby Jones’s version of the accident, it is possible that the felonious conduct had concluded prior to the accident and that the felonious conduct did not contribute to the injury. See Republic Nat’l Life Ins. Co. v. Heyward, 568 S.W.2d 879 (Tex.Civ.App.1978).
We do not mean to suggest by this opinion that the authorized exclusion is only applicable during the precise instant when a felony is committed. When the use of a motor vehicle is an essential element of the felony, it is apparent that the injury occurs “while” the insured is committing a felony. This should be true, for example, in cases involving vehicular homicide or felony charges related to driving under the influence of alcohol. §§ 782.071, 316.-193(2)(b), Fla.Stat. (1987). See Mainer v. American Hospital & Life Ins. Co., 371 S.W.2d 717 (Tex.Civ.App.1963). In cases in which the use of a motor vehicle is not an essential element of the felony, the legislature must have intended the phrase “while committing a felony” to encompass a reasonable and practical period of time. A bank robber who is speeding from the scene of a completed robbery should not be entitled to PIP benefits. In this case, if the plaintiff was simply waiting for the next opportunity to throw another bottle at his victim, he should not receive PIP benefits.
Criminal cases which discuss ongoing or separate felonies may be helpful in this analysis, but those cases are based upon very different public policies. Cf. Mills v. State, 407 So.2d 218, 221 (Fla. 3d DCA 1981). The public policies supporting this exclusion for PIP benefits arise from insurance law. Florida does not wish to encourage felonious conduct by rewarding it with insurance benefits. When injuries are reasonably foreseeable due to intentional criminal conduct, they lack the characteristics of an unexpected accident which underlie most insurance recoveries. Exclusions similar to this exclusion in life insurance policies have been enforced to prevent double indemnity recovery when the death was the foreseeable result of a felony. Hamilton v. Liberty Nat’l Life Ins. Co., 207 So.2d 472 (Fla. 2d DCA 1968), cert. denied, 212 So.2d 878 (Fla.1968); Annotation, Insurance — Assault by Insured, 86 A.L.R.2d 443 (1962). For purposes of this authorized insurance exclusion, an insured contributes to his injury “while committing a felony” if his conduct contributes to the injury during the time period in which it is reasonably foreseeable that the commission of the felony is directly and substantially increasing the insured’s risk of injury.
Reversed and remanded for proceedings consistent herewith.
LEHAN, A.C.J., and THREADGILL, J., concur.