## STATE OF FLORIDA v JAGROO
## Case No. 62AC10 (County Court Case No. 89-8639MM10A)
Seventeenth Judicial Circuit, Broward County

March 8, 1990

### APPEARANCES OF COUNSEL

**Dale Alan Bruschi, Esquire,** Assistant State Attorney, for appellant.
**Craig K. Satchell, Esquire,** for appellee.

### OPINION OF THE COURT

LEONARD FLEET, Circuit Judge.

THIS CAUSE having come before this Court upon on appeal of the Trial Court's ruling dismissing the State's information, and the Court having received and reviewed the appellate briefs, and otherwise being fully advised in the premises, makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

Appellee was charged in a one count information with driving under the influence of an alcoholic beverage to the extent his normal faculties were impaired, or with a blood alcohol level of 0.10 percent, or above. The incident occurred on March 28, 1989 and the state's information charged the crime, in one count, in the alternative. Appellee filed a motion to Dismiss the Information alleging that the State was attempting to utilize one charge to encompass facts that were separate and distinct from one another. Appellee also argued that a general verdict would hinder the defense in sentencing and in obtaining appellate review.

A hearing was conducted on the motion on August 17, 1989. Appellee argued that a general verdict on an information charged in the alternative will not reveal whether the jury found the defendant guilty or not guilty of one offense or both. This could prejudice the Appellee in sentencing and appellate review. Appellee also argued that there would be no way of knowing if there was a unanimous verdict, and to which count.

The Appellant argued that the case cited by Appellee deals with the Driving under the Influence Statute before it was amended, which called for two separate offenses. The DUI statute has since been amended to allow for a single offense that can be violated in one or more ways.

The trial court dismissed the information allowing the state leave to amend the information to allege two counts instead of one. The state filed a timely notice of appeal of the order dismissing the information.

## CONCLUSIONS OF LAW

The trial court erred in dismissing the state's information. The information was properly filed in the alternative under Florida Rule of Criminal Procedure 3.140(k)(5) and was a valid charging document. The Appellee's reliance on *State v Henson*, 443 So.2d 507 (Fla. 4th DCA 1984), as controlling law in the area, is misplaced.

Florida Rule of Criminal Procedure 3.140(k)(5) sets the form of the allegations contained in an information, when it is filed in the alternative. Before July 1, 1982 having a blood alcohol level of .10 and above was a separate offense from driving with your normal faculties impaired. *Travelers Indem. Co. of America v McInroy*, 342 So.2d 842 (Fla. 1st DCA 1977). In 1976 two distinct separate subsections of the statute were in force, section 316.028(1) of the Florida Statutes was the section for normal faculties; section 316.028(3) of the Florida Statutes

was the section for blood alcohol of .10 or above. Both sections carried different penalties and in each separate section all the elements of DUI were present. In 1976, section 316.028 was renumbered to section 316.193. 1976 Fla. Laws 76-31. After July 1, 1982 the legislature combined the two separate sections of 316.028 into one section which was numbered 316.193(1)(a)(b) in the Florida Statutes 1982 Supplement. The new section specified *one* penalty for a violation of 316.193(1)(a) or (b). The legislature's intent was to have a single crime that could be committed in one of two ways.

The Florida District Courts of Appeal in *Layman v State,* 455 So.2d 607 (Fla. 5th DCA 1984) and *Gardner v State,* 468 So.2d 265 (Fla. 2d DCA 1985) agreed that the legislature, through their change in the statute, intended one crime that could be committed in one of two ways, and could be charged in the alternative, according to Florida Rules of Criminal Procedure 3.140(k)(5).

The *Layman* court held that

section 316.193(1), Florida Statutes (1983), as it exists after July 1, 1982, the effective date of Chapter 82-155, Laws of Florida, describes but one offense which can be committed by either or both of two methods, i.e., the driving or being in the actual physical possession of a vehicle within this state by a person (a) who is under the influence of alcoholic beverages, chemical substances or controlled substances to the extent that normal faculties are impaired (316.193(1)(a)), or (b) with a blood alcohol level of .10 percent or above (316.193(1)(b)), or both driving under the influence (DUI) and with an unlawful blood alcohol level (DUBAL).

*Layman,* 455 So.2d at 608. The court went on to hold that a Uniform Traffic Citation or Notice to Appear alleging a violation of 316.193 without specifying subsection 1(a) or 1(b) was sufficient to charge a violation of the statute in either of the two ways it could be violated. *Id.* The court in *Gardner* agreed with the court in *Layman* and held that a "Uniform Traffic Citation or Notice to Appear, alleging a violation of 316.193, without specification to either subsection (1)(a) or (1)(b) is sufficient to charge a violation of this statute [316.193] in either of the two ways it can be violated." *Gardner,* 468 So.2d at 266.

Appellee's reliance on *Henson* is misplaced for the following reason: The legislature again rewrote section 316.193 in July of 1984. In that amendment the legislature specifically eliminated the possibility that either subsection (a) or (b) should be read as two separate crimes. *See State v Miller,* 468 So.2d 1051 (Fla. 4th DCA 1985) (The *Miller* Court stated that in statutory construction, legislative intent is the polestar by

9

which the courts must be guided, and no literal interpretation should be given that leads to an unreasonable or ridiculous conclusion or purpose not designated by the legislature.) The legislature took out the element of driving, or actual physical control, and placed it in subsection (1) of 316.193. 1984 Fla. Law 84-359. The element of impairment was put in subsection (a) and the element of blood alcohol level of .10 or above was put in subsection (b), separated by the disjunction, 'or', indicating the clear legislative intent that both elements could be charged in the alternative and that section 316.193(1) was a single crime that could be committed in one or more ways. This is further bolstered by the fact that the court in *Henson* relied on the pre-amendment section of 316.193 in reaching its conclusion. *Henson,* 443 So.2d at 508. The Appellee is relying on a case which interprets a 1982 statute that is no longer in existence in the same form. *Compare* Fla. Stat. 316.028 (1976) *and* Fla. Stat. 316.193 (1982) *with* Fla. Stat. 316.193 (1984) *and* Fla. Stat. 316.193 (1988). The evolution of the DUI statute over the years demonstrates the legislative intent that section 316.193 was intended to be a *single* crime that could be committed in one or more ways.[1] Where the language used by the legislature makes clear the legislative intent, the courts should give effect to that intent. *Barruzza v Suddath Van Lines, Inc.,* 474 So.2d 861 (Fla. 1st DCA 1985).

Examining the sentencing framework of the Florida DUI statute, it is apparent that the evolution of the sentencing scheme indicates the clear legislative intent that the DUI law was but a single crime that could be committed in more than one way. The sentencing framework demonstrates 2 separate and distinct crimes with 2 separate and distinct penalty sections prior to the 1982 amendment to section 316.193. After the 1982 amendment to section 316.193 there was one crime and one penalty section. The legislature's amendment to section 316.193 in 1984, by rewriting the internal structure of the statute, again demonstrates their intent that section 316.193 was a single crime that could be committed in one or more ways. Therefore, the trial court erred in dismissing the information.

The Rules of Criminal Procedure indicate that the trial court should

---

[1] The Appellee's argument for two separate counts could result in both convictions being recorded by the Department of Highway Safety and Motor Vehicles, even though the defendant could only be sentenced on one count. The defendant's next conviction could then be counted as his third, for penalty enhancement purposes, according to the DHSMV. This procedure was eliminated after the October 1, 1984 amendment to 316.193. *See* R. Schwartz, *Florida Traffic and D.U.I. Practice Manual* 88 (1989). The legislative intent of eliminating multiple penalties would be emasculated if Appellee's interpretation of the statute is followed.

not dismiss an information unless the information is so vague as to mislead the accused or subject him to substantial danger of a new prosecution for the same offense. *See* Fla. R. Crim. P. 3.140(o). The information filed by the state is not vague, indistinct or indefinite, as to mislead the accused. It clearly states that the defendant is charged with driving while being under the influence of an alcoholic beverage to the extent his normal faculties are impaired, or drove with a blood alcohol level of .10 percent or above. The form of the information does not expose the Appellee to any danger of a new prosecution for the same offense. Since the Appellee is not exposed to the danger of a new prosecution or confronted with an information that does not fully apprise him or the charges against him, the trial court erred in dismissing the information. *State v Fernandez,* 546 So.2d 791 (Fla. 3d DCA 1989).

The Florida Supreme Court has dealt with alternative filing on previous occasions. In *Bell v State,* 369 So.2d 932 (Fla. 1979(, the Florida Supreme Court held that "[i]t is permissible for an information to plead in the alternative where the statute denounces acts in the disjunctive. Fla. R. Crim. P. 3.140(k)(5)." *Id.* at 934. *See also Stedman v State,* 86 So. 429 (Fla. 1920); *Bradley v State,* 20 Fla. 738 (1884). Similarly, the following courts have construed cases with alternative filing and have found that alternative filing is permissible, unless the trial court's jurisdiction is not properly invoked. *See State v Fernandez,* 546 So.2d 791 (Fla. 3d DCA 1989); *Young v State,* 439 So.2d 306, 308, n.5 (Fla. 5th DCA 1983) (Recognizing that disjunctive pleading is permissible if the circuit court's jurisdiction is properly invoked); *Hall v State,* 261 So.2d 521 (Fla. 3d DCA 1972); *State v Rand,* 231 So.2d 31 (Fla. 3d DCA 1970).

Appellee's concern regarding which alternative the jury decided on is misplaced. The Court determines, based on the testimony in court, whether the state has put forth a prima facie case meeting the essential elements of the statute, and the jury determines beyond a reasonable doubt whether the state has met its burden. The Appellee is not prejudiced, in the trial court, on appellate review, or in sentencing, when the state files an information in the alternative when the statute allows for alternative elements of proof. Sentencing should never be affected, since the punishment is the same regardless of which section of the DUI statute the Appellee was convicted.

The Appellee's second concern, that the jury may not be unanimous, is alleviated simply because the trial court instructs the jury that any verdict must be unanimous. *See* Fla. Standard Jury Instruction 2.05(5). If the Appellee is concerned that the jury is not unanimous, it is his

**11**

right to ask the trial court to poll the jury regarding their verdict. Therefore, no matter what count, in the alternative filing, the jury came back on, the verdict must be unanimous. The Appellee is not prejudiced in this respect.

The legislature intended section 316.193 to be a single crime that could be committed in one or more ways. Reliance on *State v Henson,* 443 So.2d 507 (Fla. 4th DCA 1984) is misplaced, since it construed an earlier version of the DUI statute. Therefore, based on the foregoing, the trial court erred in dismissing the state's information.

WHEREFORE, it is ORDERED AND ADJUDGED that this case be reversed and remanded to the trial court with orders to reinstate the state's information.

DONE AND ORDERED in Chambers, at Broward County Courthouse, 201 Southeast Sixth Street, Fort Lauderdale, Broward County, Florida 33301, this 8th day of March, 1990.