## CAMPBELL v STATE OF FLORIDA
### Case No. CJAP90-2
Ninth Judicial Circuit, Orange County
September 21, 1990

### OPINION OF THE COURT

CHARLES N. PRATHER, Circuit Judge.

### *ORDER AND DECISION ON APPEAL*

The Court has reviewed the record on appeal in this case including the transcript of trial proceedings, the briefs filed by the parties and has considered the oral argument had herein.

The Defendant claims the trial court erred in six specific areas, three of which pertain to the blood alcohol aspect of the case.

A violation of subsection 316.193(1) can be proven in either of two

ways: by proof of impairment or by proof of a blood alcohol content of .10 percent or above. *State v Rolle,* 15 FLW S102 (March 1, 1990); *Layman v State,* 455 So.2d 607 (Fla. 5th DCA 1984). If the State can prove beyond a reasonable doubt that the defendant was impaired, then it is not necessary to prove an unlawful blood alcohol level, and vice versa. *Id.*

From the record, it appears that there was sufficient evidence offered to support the conviction under either theory. Thus, even if the errors alleged by the Defendant regarding the blood alcohol evidence were committed by the trial court, there is still sufficient evidence in the record to sustain the conviction on the basis of impairment. There are no cases directly on point, but see, for example: *Teffeteller v State,* 439 So.2d 845 (Fla. 1983), in which the Supreme Court found that evidence showed that a murder conviction could be sustained on a premeditation theory as well as a felony murder theory, so the failure to properly instruct on the underlying felony was a moot issue.

This general rule has also been followed in Federal Court. In *Rua v U.S.,* 321 F.2d 140 (5th Cir. 1963) the Court stated:

"We are required to uphold the verdict if there is any theory of the evidence on which the jury could properly have reached the verdict . . . We are not called upon to speculate as to the grounds upon which the jury proceeded . . . We must assume that the jury's verdict rests upon a finding of fact which will sustain the verdict where, as here, the record discloses that there is evidence which would support such a finding."

It is necessary to analyze each of the Defendant's allegations to determine whether they constituted error, and if so, whether the error was harmless or harmful. The Supreme Court has described the roles of the State and of the reviewing Court in determining whether an alleged error was harmless or harmful. Initially, once it is shown that error has been committed, the State must prove that there is no reasonable possibility that the error complained of contributed to the conviction. Once the State has established this, the Appellate Court must evaluate the record to determine, *not* whether there was overwhelming evidence of guilty, but whether the result would have been the same absent the error:

"[H]armless error analysis must not become a device whereby the appellate court substitutes itself for the jury, examines the permissible evidence, excludes the impermissible and determines that the evidence of guilt is sufficient or even overwhelming based on the permissible evidence."

49

*Ciccarelli v State*, 531 So.2d 129, 131 (Fla. 1988) (quoting *State v DiGuilio*, 491 So.2d 1129, 1136 (Fla. 1986)).

The Court went on to state:

"Overwhelming evidence of guilt does not negate the fact that an error that constituted a substantial part of the prosecution's case may have played a substantial party in the jury's deliberations and thus contributed to the actual verdict reached, for the jury may have reached its verdict because of the error without considering other reasons untainted by the error that would have supported the same result."

*Id.* (quoting *People v Ross,* Cal.2d 64, 60 Cal. Rptr, 254, 429 P.2d 606 (1968).

After reviewing each of the points on appeal addressed by Defendant and the State in their respective briefs, as well as the applicable case law, it is apparent the conviction and the rulings of the trial court should be affirmed. If error were committed by the trial court, such error is harmless.

This Court is of the view that the trial Court did not err by allowing the rebuttal testimony of Trooper Strickland to contradict the testimony presented by the Defendant. *Gilbert v State,* 547 So.2d 246 (Fla. 4th DCA 1989).

This Court is also of the view that the totality of the State's evidence establishes identification of the Defendant to the trier of fact.

The Defendant's Motion for Mistrial was properly denied by the trial Court.

While the Defendant has ably presented and argued his concerns, reversible error has not been demonstrated herein. Therefore, the proceedings in the Court below are hereby *affirmed.*

ORDERED at Orlando, Orange County, Florida, this 21st day of September, 1990.