## STATE OF FLORIDA v IVORY, et al.

## Case No. CJAP 90-24 and CJAP 90-32 (Consolidated Appeals)

Ninth Judicial Circuit, Orange County

March 11, 1991

**Before CYCMANICK, HAUSER, SPRINKEL, JJ.**

## OPINION OF THE COURT

MICHAEL F. CYCMANICK, Circuit Judge.

### *DECISION OF THREE JUDGE PANEL ON CONSOLIDATED APPEALS*

### *INTRODUCTION*

These consolidated appeals involve six cases that were originally commenced in several traffic divisions of The County Court of Orange County, Florida, through preparation of Florida Uniform Traffic Cita-

tions that alleged criminal traffic offenses. In most of the cases the defendants actually signed for their tickets which included an agreement and promise to comply and answer the charges. In some cases the defendants refused to sign and were taken into custody.[1] In all of the cases the defendants were advised of their respective charges and were given the opportunity to sign. In all of the cases the defendants failed to appear for their arraignments in County Court and timely arrest warrants were issued. The defendants were all arrested on these warrants, several of them many years after the original citations were written, and all filed motions challenging their subsequent prosecutions by contending the State was barred from proceeding further because of the Statute of Limitations. The challenges were sustained by several of the County Judges; the State seeks review through these consolidated appeals.

## DISCUSSION AND DECISION

Although the citations in these cases were issued during a time period that covers a number of years going back as early as 1975, there is no dispute that the general Statute of Limitations, Section 775.15 of the Florida Statutes, governs these prosecutions. The controversy arises over an interpretation of when the prosecutions "commenced."[2] The State argues that the preparation and furnishing of the citation to the defendant for signature is sufficient. The Appellees contend that, absent the filing of an indictment or information, the prosecution in such cases must be considered to commence at the time the citation is filed in the County Court and a copy is either served on the defendant or furnished at arraignment. We all agree that the latter argument suggests a bizarre and unworkable procedure for the prosecution of almost all cases involving criminal traffic offenses and is contrary to the enforcement mechanism provided for generally by Chapter 316 of the Florida Statutes, The Florida Rules of Practice and Procedure For Traffic Courts and the Florida Rules of Criminal Procedure.

In cases where a criminal traffic offense is charged, Florida law is

---

[1] *Rodney Means,* Case No. TO75-2216, and *James Simmons,* Case No. TO86-109041, were released before their respective arraignments and each was given notice of when to appear in court. Judge Hauser believes that remand is necessary for a determination of adequacy of notice; we disagree since that question was not raised at all in the lower court proceedings or in the course of these appeals.

[2] *Section 775.15(5), Florida Statutes (1990) provides: A prosecution is commenced when either an indictment or information is filed, provided the capias, summons or other process issued on such indictment or information is executed without unreasonable delay. . .*

**25**

clear that the prosecution may be predicated on the basis of a uniform traffic citation. See, *Hurley v State,* 322 So.2d 506 (Fla. 1975); *Gardner v State,* 468 So.2d 265 (Fla. 2d DCA 1985); *Layman v State,* 455 So.2d 607 (Fla. 5th DCA 1984); *Section 316.650, Florida Statutes* (1990); and, *Rule 6.165, Florida Rules of Practice and Procedure for Traffic Courts.* While the State may also seek to proceed by way of Summons, Notice to Appear, Indictment or Information, there is no requirement that these methods be utilized in addition to the citation. Nor is there any necessity for the citation to be formally filed with the Clerk of the County Court in order that the prosecution be "commenced" for purposes of tolling the provisions of *Section 775.15, Florida Statutes* (1990).

The issuance of a Florida Uniform Traffic Citation and its presentation to the alleged offender for signature meets all the requirements for notice that the other methods of prosecution are intended to provide. Indeed, there is no contention in these appeals that the defendants were deprived of due process in this regard, and the trial judge in four of the cases specifically found that "everybody got notice." The argument that there also has to be a filing of the citation and arraignment in order for the prosecution to be commenced in these cases is simply without merit.

There may be some question in these cases as to why so much time may have elapsed between the issuance of a capias and the retaking of the defendants into custody, however, that issue was not raised in the County Court proceedings and, naturally, is not before us for consideration here. Nevertheless, the question does seem to have influenced some of the decisions made below. Whether or not the defendants could be properly prosecuted for contempt or whether the State can still prove the original charges is not for us to decide. We hold that the State is entitled to proceed, and that these prosecutions are not barred by the statute.

The Orders of Dismissal in these cases are hereby reversed with instructions that the prosecutions be reinstated for such further proceedings as may be appropriate in the County Court. GEORGE A. SPRINKEL, IV., Circuit Judge, concurs. JAMES C. HAUSER, Circuit Judge, concurs and dissents: I agree with the above decision but I would remand the *Simmons* and *Means* cases to the trial court for further proceedings to determine if they were given adequate notice of the arraignment date.

DONE and ORDERED at Orlando, Orange County, Florida, this 11th day of March, 1991.