588 So.2d 1007 (1991)
Horace IVORY, et al., Petitioners,
v.
STATE of Florida, Respondent.
No. 91-718.
District Court of Appeal of Florida, Fifth District.
October 3, 1991.
Rehearing Denied November 25, 1991.
Joseph W. DuRocher, Public Defender, and Steven G. Mason and Eric R. Eide, Asst. Public Defenders, Orlando, for petitioners.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Nancy Ryan, Asst. Atty. Gen., Daytona Beach, for respondent.
GRIFFIN, Judge.
Petitioners Horace Ivory and Joseph Buswell seek review by certiorari of an order of the circuit court sitting in its appellate capacity reversing county court orders dismissing traffic charges against them.
Petitioner Ivory was issued a traffic citation on July 15, 1986, charging him with driving with a suspended license, a second degree misdemeanor, in violation of section 322.34(1), Florida Statutes (1985). The ticket specified that a court appearance was required within ten days and was duly signed by the officer and Ivory. A copy of the ticket was filed with the clerk of the court within the time required by section 316.650(3), Florida Statutes (1985). Ivory failed to appear in ten days for arraignment. On November 10, 1989, more than three years later, a capias was issued pursuant to a court order dated November 3, 1989. Ivory was arrested on November 30, 1989, and thereafter filed a motion for discharge relying on the criminal statute of limitations, section 775.15, Florida Statutes (1987). The county court agreed that prosecution was barred by the one year statute of limitations and dismissed the charge.
Petitioner Buswell was issued a traffic citation on December 18, 1981 for driving without a valid driver's license, a misdemeanor of the second degree, in violation of section 322.03, Florida Statutes (1979). The ticket indicated a court appearance date, was signed by the officer and by petitioner and was apparently timely filed with the court. Buswell failed to appear and a capias was issued on February 25, 1982. Petitioner Buswell was arrested on January 6, 1990. A similar motion to discharge was filed on his behalf and was granted by the county court on March 28, 1990.
The state appealed both of these county court decisions to the circuit court where they were consolidated. A circuit court panel of three judges rendered a decision on March 13, 1991, reversing the county court orders, and a timely petition for writ of certiorari was filed in this court seeking review of that circuit court order.
*1008 Petitioners' argument is straightforward. Since the charges involved are both second degree misdemeanors, prosecution must be commenced within one year after the offenses were committed. § 775.15(2)(d), Fla. Stat. (1989). According to section 775.15(5), "a prosecution is commenced when either an indictment or information is filed, provided the capias, summons, or other process issued on such indictment or information is executed without unreasonable delay." Petitioners allege that since they only received a traffic ticket from a law enforcement officer, their prosecutions were not "commenced" within one year. Their argument is not based on whether a traffic ticket is an "information" or "indictment", however. Petitioners concede that a traffic ticket can be a valid "charging document", but assert that a traffic citation does not become such a valid charging document until after it is filed, the government "pursues" the charge and executes process.
Petitioners rely on the fact that the predecessor to section 775.15, section 932.465, Florida Statutes (1973) contained a tolling provision that references an indictment, information or affidavit, reasoning that the absence of that term in the 1974 amendment reflects a legislative intent to eliminate an arrest warrant, i.e., traffic ticket, from the devices available to "commence prosecution" for purposes of the statute of limitations.[1] Petitioners also rely on the general principles that any doubt in the construction of a criminal statute must be resolved in favor of the accused, and that criminal limitation statutes are to be liberally construed in favor of repose. See Ferguson v. State, 377 So.2d 709 (Fla. 1979); Reino v. State, 352 So.2d 853 (Fla. 1977), receded from on other grounds, Perez v. State, 545 So.2d 1357 (Fla. 1989). See also United States v. Scharton, 285 U.S. 518, 52 S.Ct. 416, 76 L.Ed. 917 (1932).
The state contends that the circuit court correctly held that a uniform traffic citation is the charging document in a criminal traffic prosecution and that it commences the prosecution for the purposes of the statute of limitations. The state relies on Rule 6.165(a) of the Florida Rules For Traffic Courts which provides that "all prosecutions for criminal traffic offenses by law enforcement officers shall be by uniform traffic citation ... or by affidavit, information or indictment as provided for in the Florida Rules of Criminal Procedure." Also, subsection (b) of Rule 6.165 allows the prosecutor to amend in open court a traffic citation alleging a criminal offense. Rule 6.160 provides that a person is taken into custody for speedy trial purposes when arrested or when a traffic citation, notice to appear, summons, information or indictment is served upon him in lieu of arrest.[2] The state emphasizes that issuance of the citation serves the purpose of the formal charge and subsequent service of process, which is to put the accused on notice of the criminal charges against him so any facts that might support a defense to the charge are not lost or obscured by the passage of time. State v. King, 282 So.2d 162 (Fla. 1973). Finally, the state asserts that petitioners' construction of section 775.15(5) would require issuance of an additional charging document to commence traffic prosecutions for purposes of the statute of limitations. Petitioners object that they do not claim an additional charging document must issue but rather that the state must take prosecutorial steps, including, at a minimum, serving some undefined "official process" on the defendant in order for the ticket to become a charging *1009 document that will meet the requirements of section 775.15. The circuit court characterized this interpretation as bizarre, unworkable and contrary to the traffic statutes and rules.
In Hurley v. State, 322 So.2d 506 (Fla. 1975), the Florida Supreme Court was faced with the issue of whether commencement of a DUI prosecution by traffic ticket was authorized and constitutional. The court held that Rule 6.07, the predecessor to Rule 6.165, authorized prosecution on the basis of a traffic ticket prepared by an officer. The court in Hurley also rejected the contention that prosecution by traffic ticket constituted an unconstitutional delegation to the police of prosecutorial authority, noting that section 316.650(3), Florida Statutes, requires deposit of the traffic citation with the court, after which judicial proceedings commence, with the state attorney or his assistant actually prosecuting the charges. See also Gardner v. State, 468 So.2d 265 (Fla. 2d DCA 1985); Layman v. State, 455 So.2d 607 (Fla. 5th DCA), review denied, 459 So.2d 1040 (Fla. 1984).
We agree with the state that the cited Florida Rules for Traffic Courts evince a clear intent that the uniform traffic citation constitute the charging document. When issued and served, a uniform traffic citation is the equivalent of an executed information, as suggested by the supreme court in Hurley. See Art. I, § 16(a), Fla. Const. It would be incongruous that, in drafting section 775.15(5), Florida Statutes, the legislature intended to create a requirement for an otherwise unnecessary document or procedure whose sole purpose is to satisfy the "commencement of prosecution" requirement of section 775.15(5), Florida Statutes. Service by a police officer of a uniform traffic citation which identifies the charges against the accused, informs the accused that the violation is a crime, gives notice of an appearance date and initiates speedy trial deadlines amply protects the accused. Because we conclude that service on the accused of a copy of a properly prepared uniform traffic citation containing a notice to appear, and the timely filing of the original and one copy of the traffic citation, as required by section 316.650(3), Florida Statutes in the court having jurisdiction over the alleged offense, invokes the subject matter jurisdiction of the court and commences prosecution of the criminal traffic case for purposes of the statute of limitations, the petition for writ of certiorari is denied.[3]
WRIT DENIED.
W. SHARP and COWART, JJ., concur.
NOTES
[1] We read no such intent into this statutory change. In 1974, the criminal statute of limitations was substantially revised. Among the revisions was the addition, for the first time, of a definition of when prosecution commences. The state contends the "affidavit" referred to in the former statute was merely the affidavit or complaint allowed in county court as a method of prosecution. See § 34.13 (all persons tried in county court on criminal charges shall be tried on indictment, information, affidavit or complaint).
[2] The state argues that under petitioners' interpretation, since speedy trial runs from the day the citation was issued, the speedy trial period could lapse even before the prosecution commenced. Petitioners point out this can occur in any prosecution.
[3] Accord State v. Fain, 484 So.2d 558 (Ala. Crim. App. 1986) (ticket constituted warrant, issuance of which was valid commencement of prosecution); Thompson v. State, 264 Ark. 213, 570 S.W.2d 262 (Ark. 1978); Weaver v. State, 179 Ga. App. 641, 347 S.E.2d 295 (Ct.App. 1986), cert. vacated, 256 Ga. 674, 353 S.E.2d 911 (Ga. 1987) (traffic citation issued and filed with clerk commenced prosecution).