STEVENSON, Judge.
Appellant, Walter Mallard, appeals his convictions for grand theft and fleeing a police officer. We affirm the grand theft conviction, but reverse the conviction for fleeing a police officer since, in the absence of a formal charging document relating to the fleeing offense, the trial court was without subject matter jurisdiction to try appellant on that charge.
Appellant was arrested for a host of offenses all stemming from his attempted flight from police in a stolen vehicle. A two-count information was subsequently filed charging appellant with grand theft of a motor vehicle and obstructing an officer without violence. However, the trial court also tried appellant on a third count, namely, the misdemeanor of fleeing or attempting to elude a police officer. See § 316.1935, Fla. Stat. (1995). Although this charge was not included in the information, the trial court decided that its inclusion on a police form, captioned “Arrest / Notice to Appear / Juvenile Referral Report,” was sufficient.
The form relied upon below appears to be a multi-purpose police document to be filled-in following an arrest. It contains sections that will not apply in every case, such as sections specifically designated for recording information on juvenile defendants and co-defendants. Another such section is labelled “Notice to Appear,” and provides spaces for the officer to set a time and place for the defendant to appear to answer the charge(s), as well as a space for the defendant to sign.
The trial court correctly noted that misdemeanors may be charged by Notices to Appear. See Fla. R.Crim. P. 3.125, 3.140(a)(2). Furthermore, the form utilized in this case could conceivably serve as a Notice to Appear when the requisite information is transcribed and acknowledged by the defendant. In this case, however, the “Notice to Appear” section of the form was left entirely blank. The document is not a sufficient Notice to Appear where, as here, the police plainly did not use it as such and where it fails to convey to the defendant the information necessary to answer the charges against him.
Although the State could have moved to orally amend the information at trial to include the charge of fleeing a police officer, see State v. Anderson, 537 So.2d 1373 (Fla.1989), it did not do so. Therefore, in the absence of a document formally charging appellant with fleeing an officer, the trial court was without jurisdiction to try appellant on this charge. As the Second District explained in Caves v. State, 303 So.2d 658, 659 (Fla. 2d DCA 1974),
[a] criminal prosecution presupposes the existence of a valid accusation charging a crime against the defendant. Such an accusation in some form is an essential requisite of jurisdiction which cannot be waived.
We, therefore, reverse appellant’s conviction for fleeing a police officer.
AFFIRMED IN PART; REVERSED IN PART.
FARMER, J., and FRUSCIANTE, JOHN A., Associate Judge, concur.