PETERSON, J.
Robin Deel appeals the circuit court’s refusal to issue a writ of prohibition that would prevent the county court from conducting a trial to determine her guilt or innocence for misdemeanor charges of driving under the influence (DUI) and refusal to sign a summons.[1] She contends that the two uniform traffic citations (UTCs) charging her with the misdemeanors are insufficient to invoke the subject matter jurisdiction of the county court.
Deel’s erratic driving led to the stop of her vehicle. The empty beer cans, odor of alcohol on her breath, failure to successfully spell her name and almost falling to the ground when exiting her automobile led her to the sheriffs headquarters for a breath test which verified her intoxication. Uttering profanity and racial slurs at the *113 arresting deputy, she refused to sign the UTCs that informed her of the exact address of the county court in which she was to appear with the appearance date “to be set.” Notwithstanding her lack of cooperation, she was released the next day upon posting a $600 bond. The arresting deputy did not write the date and time on the UTCs that Deel was to appear in court because he was complying with a county court order establishing that procedure. Deel moved for discharge alleging that the UTCs were insufficient as charging documents because they did not contain a notice to appear informing her of the date to appear in court and because they were not signed by her. When the motion was denied, she petitioned the circuit court for prohibition and now appeals the denial of her petition.
Deel’s only argument is that the county court has no jurisdiction over her because the state failed to file a valid charging document. At the outset, Deel acknowledges that the state may charge a criminal traffic offense by issuing a UTC. Fla. R. Traf. Ct. 6.040(b); Hurley v. State, 322 So.2d 506 (Fla.1975) (county court did not lack jurisdiction to try motorist for driving while intoxicated on basis of a UTC as opposed to an information); Ivory v. State, 588 So.2d 1007 (Fla. 5th DCA 1991) (Florida Rules for Traffic Courts evince a clear intent that the UTC constitute the charging document). But Deel argues that the UTCs that were issued to her are invalid charging documents because they failed to comply with Florida Rule of Criminal Procedure 3.125. She contends that the UTCs did not contain a properly filled out notice to appear. Deel’s argument is confusing in light of her refusal to sign the UTCs which contained the notice to appear. That refusal disqualifies her from being issued a notice to appear. See Fla. R.Crim. P. 3.125(b)(2).[2]
Additionally, the Florida Rules of Traffic Court[3] render Deel’s argument meritless. Specifically, Rule 6.040(b) defines a charging document as “any information, uniform traffic citation, complaint affidavit, or any other manner of charging a criminal traffic offense under law.” This rule does not require that a UTC contain a notice to appear in order for the citation to be a valid charging document.
Deel’s argument also overlooks the purpose behind a charging document. That purpose is to inform the accused of the nature of the offense charged. It is undisputed that the offenses charged were sufficiently described in the citations personally given to her. The UTCs charged her with violations of subsection 316.193(1) and subsection 318.14(3), the appropriate statutes. The citations indicated her blood alcohol levels of .149 and .162 and noted her refusal to sign the citations. The citations stated that court appearance is required and listed the precise address of the county court. We conclude that the traffic citations conveyed all the information necessary to answer the charges and constituted a valid charging instrument. See State v. Witcher, 737 So.2d 584 (Fla. 1st DCA 1999) (traffic citation contained all the elements necessary to charge misdemeanor DUI under § 316.193(1) as it cited that statute and alleged a blood alcohol level of over .08). Cf. Mallard v. State, 699 So.2d 797 (Fla. 4th DCA 1997) (charging instrument in the form of a notice to appear was not sufficient where it failed to convey to the defendant the information necessary to answer the misdemeanor charges against him).
Accordingly, the circuit court correctly concluded that the county court has jurisdiction to try Deel because the traffic cita *114 tions validly charged her with the misdemeanor offenses of DUI and refusal to sign a summons. § 34.01(l)(a), Fla. Stat. (1997).
AFFIRMED.
ANTOON, C.J., and HARRIS, J., concur.

. §§ 316.193(1) & 318.14(3), Fla. Stat. (1997).

. Rule 3.125(b)(2) provides: "[NJotice to appear may be issued by the arresting officer unless ... the accused refuses to sign....”

. Fla. R. Traf. Cl. 6.010(a) provides that "These rules govern practice and procedure in any traffic case and specifically apply to practice and procedure in county courts....”