737 So.2d 584 (1999)
STATE of Florida, Appellant,
v.
Matthew W. WITCHER, Appellee.
No. 98-964.
District Court of Appeal of Florida, First District.
June 25, 1999.
Rehearing Denied August 9, 1999.
*585 Robert A. Butterworth, Attorney General, Randy L. Havlicak, Assistant Attorney General, Tallahassee, for Appellant.
Henry M. Coxe, III, and Jane A. Lester of Bedell, Dittmar, Devault, Pillans & Coxe, P.A., Jacksonville, for Appellee.
PER CURIAM.
The state appeals an order dismissing the defendant Witcher's felony offenses of driving under the influence (DUI) causing serious bodily injury to another in circuit court on double jeopardy grounds, based on the defendant's earlier guilty plea to a simple DUI misdemeanor charge in county court arising from the same traffic accident. The state contends that the county court lacked subject matter jurisdiction to accept the defendant's plea, because the crime charged in that court was a felony; therefore, former jeopardy did not apply to bar prosecution in the circuit court on the felony DUI charges.
On March 31, 1997, defendant Witcher, while operating a motor vehicle, collided with a telephone pole, resulting in injuries to himself and his two passengers. A traffic citation for careless driving was issued, and the accident report disclosed that DUI charges were pending upon receipt of blood kit test results. On June 23, 1997, the county court issued an arrest warrant for misdemeanor DUI, and a traffic citation was issued on July 1, 1997,[1] in connection with Witcher's arrest. Subsequent to his arrest, Witcher was then charged in circuit court by information with felony DUI causing serious bodily injury as to passenger Rice.[2] Thus, at the time Witcher entered his guilty plea on October 20, 1997, to the misdemeanor offense in county court, two cases were pending: one in county court for simple misdemeanor DUI and one in circuit court for felony DUI by causing serious bodily injury to another.
The linchpin to the state's argument is the sufficiency of the traffic citation issued on July 1, 1997, to charge a misdemeanor DUI offense. The citation was indeed poorly drafted. It appears to cite section 316.193(B), as the statute violated, yet no such subsection exists. Boxes were checked "damage to other property," "injury to another," and "serious bodily injury to another." Review of section 316.193 shows that misdemeanor DUI may be charged under subsection (1) for simply driving with a blood alcohol level of over.08, or under subsection (3)(c)(1) for driving with a blood alcohol level of over .08 and causing damage to the property or person of another. Felony DUI may be charged under subsection (3)(c)(2) when serious bodily injury to another is caused. Thus, it is unclear exactly what was charged in the traffic citation. At the minimum, we agree that a strong argument can be made that "[t]his is another case that results from an accusatorial pleading of a DUI charge under section 316.193, Florida Statutes, so vague, indistinct and indefinite as to leave, after conviction, a substantial question as to the level or degree of the offense for which the defendant can be sentenced." Leone v. State, 590 So.2d 29, 30 (Fla. 5th DCA 1991) (footnote omitted).
*586 Despite its ambiguity, the traffic citation contains all the elements necessary to charge misdemeanor DUI under either subsection 316.193(1) or (3)(c)(1), because it alleges a blood alcohol level of .14 and injury to both the property and person of another, and it cites section 316.193. Additionally, it is apparent from the affidavit for an arrest warrant, arrest warrant, arrest report, and plea transcript that misdemeanor DUI was charged. Furthermore, it should be noted that the traffic citation designated the county court as the court for appearance, and it is undisputed that county courts have exclusive jurisdiction over misdemeanors. See § 34.01(1)(a), Fla. Stat. (1995).
The fact that the citation also suggests a felony charge by referencing "serious bodily injury to another," simply subjected the citation to dismissal upon motion filed for legal insufficiency or amendment. It does not render the citation void so that the county court was divested entirely of all jurisdiction. See Hope v. State, 588 So.2d 255 (Fla. 5th DCA 1991).
Thus, as previously stated, a misdemeanor DUI charge was pending in county court at the same time a felony DUI charge was pending in circuit court. Although this procedure is improper, State v. Coble, 704 So.2d 197 (Fla. 4th DCA 1998), supports the trial court's finding that the county court was not divested of jurisdiction over the misdemeanor offense, because no motion to consolidate the charges was filed. Thus, when Witcher entered his plea to misdemeanor DUI with the prosecutor's consent on October 20, 1997, the county court had jurisdiction to accept the plea.
Simple DUI is a continuing offense for which only one conviction may be maintained for each episode. See State v. Lamoureux, 660 So.2d 1063 (Fla. 2d DCA 1995), approved, 679 So.2d 1184 (Fla.1996); Michie v. State, 632 So.2d 1106 (Fla. 2d DCA 1994). And because simple DUI is a necessarily lesser included offense to felony DUI causing serious bodily injury to another,[3] the county court's adjudication of the misdemeanor offense concluded the case against Witcher. The principle of double jeopardy prohibited the state from continuing to pursue the felony charges in circuit court. See Chikitus v. Shands, 373 So.2d 904 (Fla.1979). The order granting Witcher's motion to dismiss the amended information is therefore
AFFIRMED.
ERVIN, VAN NORTWICK and BROWNING, JJ., CONCUR.
NOTES
[1] This was the charging document in county court. A traffic citation can, of course, be an appropriate charging instrument for criminal traffic offenses. See Hurley v. State, 322 So.2d 506 (Fla.1975); Ivory v. State, 588 So.2d 1007 (Fla. 5th DCA 1991).
[2] The information was subsequently amended in December 1997, after Witcher entered his plea in county court, to include a second count of DUI causing serious bodily injury to another occupant in the vehicle, passenger McQuarry.
[3] See Fla. Std. Jury Instr. (Crim.) p. 367.