ANTOON, C.J.
Timothy Tellier appeals his convictions and sentences for DUI manslaughter,[1] DUI with damage to a person or property,[2] leaving the scene of an accident involving death,[3] and leaving the scene of an accident involving serious bodily injury.[4] We reverse Mr. Tellier’s conviction for the offense of leaving the scene of an accident with injury, but affirm his remaining convictions.
As Mr. Tellier asserts and the State concedes, convictions for both leaving the scene of an accident with injury and leaving the scene of an accident with death violate the double jeopardy clause because there was only one scene and one failure to stop. See Hoag v. State, 511 So.2d 401 (Fla. 5th DCA), rev. denied, 518 So.2d 1278 (Fla.1987). Accordingly, the lesser offense, the conviction for the offense of leaving the scene of an accident with injury, must be vacated. See Hardy v. State, 705 So.2d 979 (Fla. 4th DCA 1998) (holding the appropriate remedy for a double jeopardy violation is to vacate the conviction for the lesser offense).
Mr. Tellier also argues that the conduct of the victim’s family as spectators of the trial denied him a fair trial, an assertion unpreserved for appellate review because there is no record of the asserted outbursts and no motion for mistrial was made. Cf. Torres-Arboledo v. State, 524 So.2d 403 (Fla.) (intensity and effect of witness’s outburst cannot be gleaned from record where no mistrial motion was made and trial court made no determination whether outburst was so prejudicial as to require one), cert. denied, 488 U.S. 901, 109 S.Ct. 250, 102 L.Ed.2d 239 (1988).
We must remand for re-sentencing on all remaining convictions because the vacation of the conviction for leaving the scene of an accident with injury may affect the sentencing guideline score sheet computations,
AFFIRMED in part; REVERSED in part; REMANDED for re-sentencing.
DAUKSCH and W. SHARP, JJ„ concur.

. § 316.193(1) and (3)(a)(b)3, Fla. Stat. (1997).

. § 316.193(3)(c) 1, Fla. Stat. (1997).

. §§ 316.062; 316.027(l)(b), Fla. Slat. (1997).

. §§ 316.062; 316.027(l)(a), Fla. Stat. (1997).