859 So.2d 553 (2003)
Joel WILLIAMSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-4078.
District Court of Appeal of Florida, First District.
November 21, 2003.
*554 Nancy A. Daniels, Public Defender and G. Kay Witt, Assistant Public Defender, Tallahassee, for Appellant.
Charles J. Crist, Jr., Attorney General and Bryan Jordan, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
PER CURIAM.
We conclude that the defendant's convictions for both trafficking in cocaine and possession of cocaine with intent to sell violate the double jeopardy clause of the Fifth Amendment to the United States Constitution. Consequently, we remand the case to the trial court with instructions to vacate one of these convictions.
The parties agree that a sentence for trafficking in cocaine and possession of the same cocaine with intent to sell would violate the double jeopardy clause, see Ford v. State, 749 So.2d 570, 571 (Fla. 5th DCA 2000); Johnson v. State, 712 So.2d 380 (Fla.1998), and that this is an issue that can be raised for the first time on direct appeal. See State v. Johnson, 483 So.2d 420, 421-423 (Fla.1986). The state argues that this defendant may not raise the double jeopardy violation, however, because he entered a plea to both offenses pursuant to a bargainedrather than a generalplea agreement. See Novaton v. State, 634 So.2d 607, 609 (Fla.1994).
While it is generally true that a defendant who enters a guilty plea may not challenge his convictions on double jeopardy grounds, an exception exists for situations in which the plea is a general one with no agreement as to the sentence the defendant will receive.[1]See id. An agreement to a specific sentence or a specific sentencing benefit is a key element distinguishing a bargained plea agreement from a general one. Because this element is missing in the instant case, we conclude *555 that the plea was not bargained for, but was merely an open plea.
The defendant entered a plea of guilty to both offenses without any agreement as to the sentences. The state had previously offered the defendant a formal substantial assistance plea agreement, but it withdrew this offer before the defendant decided to enter his plea. During the plea hearing, the state represented to the court that there was no substantial assistance agreement, but that it would not interfere if the defendant "could work something out" with law enforcement. The judge made it clear to the defendant that there was no guarantee that he would receive a more lenient sentence if he worked with law enforcement, and that he would have no right to withdraw the plea once it was entered and accepted.
Given these facts, we conclude that the plea in this case was essentially an open plea. Although the defendant was given the opportunity to assist the drug task force on the chance that he might receive a more lenient sentence, there was no actual agreement regarding the sentence he would receive. Therefore, the exception for bargained plea agreements is not available, and the court must apply the general rule that both convictions violate the double jeopardy clause. See Novaton.
Remanded.
VAN NORTWICK, PADOVANO and HAWKES, JJ., concur.
NOTES
[1] The exception also requires that the double jeopardy violation must be apparent from the record and that there must be no waiver of the violation. See Novaton, 634 So.2d at 609. The state does not dispute that these two additional elements exist in the present case.