939 So.2d 1174 (2006)
Richardson OMELIEN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-3415.
District Court of Appeal of Florida, Fourth District.
October 25, 2006.
*1175 Santiago Lavandera of Santiago Lavandera, P.A., Miami Lakes, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
As a result of having sexual activity with a victim under the age of sixteen, appellant was convicted of violating section 800.04(4), Florida Statutes (2003) (lewd and lascivious battery), and section 800.04(5)(c)(2) (lewd and lascivious molestation). He argues that double jeopardy precludes separate convictions because they stem from one criminal episode. We affirm.
The evening began as a date which included dinner and renting a movie to watch at appellant's home. While they were watching the movie appellant kissed the victim and convinced her to go with him into his bedroom. In the bedroom he kissed her, removed her shirt and kissed her breasts. She told him she did not want to have sex and that she felt uncomfortable. He then went into the bathroom, removed his clothes, and returned wearing only boxer shorts. He then removed her pants and engaged in vaginal intercourse with her.
The issue is whether appellant's conduct in the bedroom prior to his going into the bathroom can form the basis for a separate offense. Although that was unclear when the briefs were filed in this case, our supreme court has now held in State v. Paul, 934 So.2d 1167 (Fla.2006), that it can. In Paul, after engaging in sexual activity in the living room of the victim's apartment, defendant asked the victim if they could go into the bedroom. They then went into the bedroom, shut the door and engaged in more intimate sexual activity. In Paul the court held that there was a sufficient temporal break between the activity in the living room and the activity in the bedroom, for the offender to reflect and form a new criminal intent.
If the moving from one room to another in Paul was a sufficient temporal break to support separate convictions, then the break in this case, while appellant went into the bathroom, was also sufficient to support separate convictions. We accordingly affirm.
POLEN and MAY, JJ., concur.