947 So.2d 565 (2006)
Tyrone Leon GODFREY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-0987.
District Court of Appeal of Florida, First District.
December 28, 2006.
Rehearing Denied February 2, 2007.
*566 Nancy A. Daniels, Public Defender, and Phil Patterson, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General, and Sheron Wells, Assistant Attorney General, Tallahassee, for Appellee.
WOLF, J.
Tyrone Leon Godfrey appeals his convictions and sentences for two counts of possession of cocaine. Because we find the convictions violate principles of double jeopardy, we reverse.
The appealed convictions are premised on the following facts: A law enforcement officer observed appellant rolling what he suspected was a marijuana cigarette inside his vehicle. At this point, the officer approached appellant and observed a baggie of suspected marijuana on his lap. Appellant was arrested and charged with possession of marijuana. On a search incident to arrest, the officer discovered a black nylon zipper bag lying in the front seat of the vehicle directly behind where the suspect was sitting. Inside the bag was a pill bottle containing approximately 13.5 grams of crack cocaine. Another clear plastic bag containing powder cocaine was found in the glove box.
Based on these facts, appellant was charged with two counts of possession of *567 cocaine, one for the crack cocaine and a second for the powder cocaine. Appellant entered a "straight up" plea of nolo contendere to the charges. On appeal, appellant asserts the State was required to aggregate the cocaine found in appellant's vehicle and, thus, his dual convictions for possession of cocaine violate his double jeopardy protections.
In response, the State first contends appellant waived the right to assert a double jeopardy argument on appeal. The general rule is that a plea of guilty precludes a later attack on appellant's conviction and/or sentence premised on double jeopardy grounds. United States v. Broce, 488 U.S. 563, 569, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). However, there is an exception to this general rule when (1) the entered plea was a general plea as distinguished from a bargained plea; (2) the double jeopardy violation is apparent from the face of the record; and (3) the record does not indicate a waiver of the double jeopardy violation. Novaton v. State, 634 So.2d 607, 609 (Fla.1994). A "straight up" or "open plea" does not amount to a bargained for plea. Williamson v. State, 859 So.2d 553 (Fla. 1st DCA 2003). Because appellant in the instant case entered a non-bargained for, "straight up" plea, without expressly waiving his right to a later appeal premised on a double jeopardy issue, his plea did not amount to a waiver. See Novaton, 634 So.2d at 609; see also Williamson, 859 So.2d at 554-55.
Concerning the issue of double jeopardy, settled precedent establishes that an appellant may not be charged with two separate offenses premised on his possession of the same contraband found in differing packages in the same location when the contraband is seized as part of the same search. § 775.021(4), Fla. Stat. (2005); Jackson v. State, 418 So.2d 456, 458 (Fla. 4th DCA 1982), abrogated on other grounds by Gibbs v. State, 676 So.2d 1001, 1002 (Fla. 4th DCA 1996) (holding that a defendant's conviction for two possession of marijuana counts could not be supported by his possession of two marijuana cigarettes dropped from his hand and again for his possession of several packets of marijuana found in a nearby jacket during the same search); Lundy v. State, 596 So.2d 1167, 1168 (Fla. 4th DCA 1992) (holding that a defendant may not be charged with two separate offenses premised on two amounts of cocaine, one found in a box and one found in a bag, located in the passenger compartment of the defendant's vehicle).
Further, section 893.03(2)(a)(4), Florida Statutes (2005), defines cocaine as: "Cocaine or ecgonine, including any of their stereoisomers, and any salt, compound, derivative, or preparation of cocaine or ecgonine." Because the relevant statute does not divide cocaine from its derivatives, the discovery of two separate forms of cocaine in the passenger compartment of one vehicle should not be distinguished from the discovery of two separate bags of marijuana found in the same compartment. In the latter scenario, the State would be required to aggregate the marijuana and, therefore, should be required to do so in the former. See Jackson, 418 So.2d at 458; Lundy, 596 So.2d at 1168. To suggest otherwise would offend the plain meaning of the statute as written. Accordingly, appellant's convictions for two counts of possession of cocaine are reversed. We remand for resentencing for one possession of cocaine charge.
REVERSED and REMANDED.
BROWNING, C.J., and KAHN, J., concur.