958 So.2d 1065 (2007)
Stephen LABOVICK, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-2498.
District Court of Appeal of Florida, Fourth District.
June 13, 2007.
Carey Haughwout, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Defendant appeals his convictions for DUI manslaughter/failure to render aid and DUI, arguing that convictions for both offenses violate double jeopardy principles, because the statutory elements of DUI are subsumed by the greater offense of DUI manslaughter/failure to render aid. We agree and vacate appellant's DUI conviction.
*1067 Defendant was charged by information with: DUI Manslaughter and Failure to Render Aid (Count I); DUI Manslaughter (Count II); Leaving Scene of Crash Involving Death (Count III); and DUI (Count IV). He entered an open plea to Counts I and IV. At the plea proceeding, defense counsel advised the trial court that he objected to any adjudication, conviction, or sentence on the DUI count on double jeopardy grounds. At sentencing, the court denied the defendant's double jeopardy motion to strike the DUI count and sentenced the defendant to twelve years in state prison on DUI manslaughter and to thirty-three days, time served, on DUI. The defendant did not reserve the right to appeal the denial of his double jeopardy motion.
At the plea hearing, the prosecutor stated the factual basis for the plea, as follows:
On or about June 15, 2005, in the early morning hours, this defendant was operating his sports utility vehicle southbound on I-95. Mr. Barna was loading up a vehiclestranded vehicle; he was a tow-truck driver, at that time. This defendant came down the road and crashed into Mr. Barna, causing death, at that time, of Mr. Barna; this defendant continued to go southbound on I-95, eventually exited I-95, turned around and headed back north on I-95, going the opposite direction; upon that time, he got pulled over, after being involved in another crash; he hit another vehicle. The witnesses at the scene say this defendant was going in excess of the speed limit, somewhere around eighty miles an hour, at the time of the first crash. There is an event data recorder downloaded from the second crash, putting him over eighty-five miles an hour. At that time, there were signs of impairment noticed on him from the trooper at the scene. The trooper took blood from him, and his blood alcohol level was a .15one-four-five and a .147.
The defendant conceded the truth of these facts.
As a threshold procedural matter, the state argues that the defendant's double jeopardy claim is barred because he pled guilty without reserving the right to appeal the double jeopardy issue. Recently, the First District Court of Appeal rejected this argument in Godfrey v. State, 947 So.2d 565, 567 (Fla. 1st DCA 2006). There, the court first noted the general rule that a guilty plea precludes a later attack on a conviction and/or sentence premised on double jeopardy grounds. Id. (citing United States v. Broce, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989)). The court then discussed an exception to this general rule, as recognized in Novaton v. State, 634 So.2d 607, 609 (Fla.1994).
In Novaton, the Florida Supreme Court held that an exception applies when:
(a) the plea is a general plea as distinguished from a plea bargain; (b) the double jeopardy violation is apparent from the record; and (c) there is nothing in the record to indicate a waiver of the double jeopardy violation.
634 So.2d at 609.
The first district determined that the exception applied in Godfrey. It held that the defendant's non-bargained for, "straight up" plea, which contained no express waiver of his right to appeal the double jeopardy issue, did not amount to a waiver. Godfrey, 947 So.2d at 567.
Shortly after the supreme court decided Novaton, we were confronted with this double jeopardy waiver issue in Taccariello v. State, 664 So.2d 1118 (Fla. 4th DCA 1995). There, the defendant pled guilty to grand theft, organized scheme to defraud, and exploitation of the elderly. After receiving an upward departure sentence on *1068 the charges, the defendant appealed, arguing that her convictions for both grand theft and fraud violated double jeopardy prohibitions. We held that the defendant waived her right to appeal this issue because she entered a guilty plea without expressly reserving her right to appeal. In that case, however, we did not discuss whether the exception set forth in Novaton applied. Here, where the record shows that the defendant entered an open, unbargained plea to multiple counts, without expressly waiving his right to appeal the double jeopardy issue, we hold that, under Novaton, the defendant did not waive this right.
Turning to the merits of the defendant's double jeopardy claim, we begin by noting that "[d]etermining whether double jeopardy is violated based on undisputed facts is a legal determination; our standard of review is therefore de novo." State v. Paul, 934 So.2d 1167, 1171 (Fla. 2006) (citing State v. Florida, 894 So.2d 941, 945 (Fla.2005)). The Fifth Amendment double jeopardy clause protects against multiple punishments for the same offense. Id. "The prevailing standard for determining the constitutionality of multiple convictions for offenses arising from the same criminal episode is whether the Legislature `intended to authorize separate punishments for the two crimes.'" Id. (quoting M.P. v. State, 682 So.2d 79, 81 (Fla.1996)).
Section 775.021(4)(b)(3), Florida Statutes, prohibits multiple convictions and punishments for "[o]ffenses which are lesser offenses the statutory elements of which are subsumed by the greater offense." DUI is a Category One lesser included offense of DUI manslaughter. Kurtz v. State, 564 So.2d 519, 521 (Fla. 2d DCA 1990). All of the DUI elements fall within the greater offense of DUI manslaughter. Id. Thus, a defendant cannot be convicted of DUI and DUI manslaughter "arising from the same act." Id.
The state argues that dual convictions are proper in this case because there was more than one episode of driving under the influence. However, the state's factual basis belies that assertion. DUI is a continuing offense for which only one conviction may be maintained for each episode. See State v. Witcher, 737 So.2d 584, 586 (Fla. 1st DCA 1999). Here, the defendant never stopped driving his car at any point during what amounted to a single episode. Although separate convictions could lie for causing injury or death to different victims,[1] only one conviction may be maintained for each episode of driving under the influence (DUI). Generally, a separate criminal episode occurs when there is a sufficient temporal break that allows the offender to reflect and form a new criminal intent. See Omelien v. State, 939 So.2d 1174, 1175 (Fla. 4th DCA 2006). However, as mentioned above, there was no such temporal break in this case. We thus conclude that the defendant's dual convictions were barred by double jeopardy and reverse with directions to vacate the DUI conviction (Count IV).
The defendant was sentenced to time served on the DUI count. Because the DUI conviction must be vacated, ordinarily a re-sentencing would be required on the remaining convictions due to the corrected scoresheet. See Tellier v. State, 754 So.2d 88 (Fla. 5th DCA 2000). However, as the undisputed calculations show, *1069 removing the .2 points for the DUI conviction would have a de minimis effect on the defendant's twelve-year sentence, such that no new sentencing is required. See Colon v. State, 738 So.2d 1023 (Fla. 4th DCA 1999) (holding that claim for re-sentencing based on corrected scoresheet was without merit "as the new score remains in the same bracket and is essentially de minimis"); Sanders v. State, 621 So.2d 723, 728 (Fla. 5th DCA 1993) (same).
Reversed.
STEVENSON, C.J., and POLEN, J. concur.
NOTES
[1] See Bautista v. State, 863 So.2d 1180, 1187 (Fla.2003) (each death caused in a DUI crash is to be charged and punished as a separate offense); Melbourne v. State, 679 So.2d 759, 765 (Fla.1996) (DUI driver may sustain multiple convictions because the violation causes injury to each victim).