# SIXTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 6D2023-2423
Lower Tribunal Nos. 22-CT-502120, 22-CT-502121, 22-CT-502122, 22-CT-502123, 22-CT-502124, 22-CT-502125, 22-CT-502126, 22-CT-502127, 22-CT-502128, 22-CT-502129, and 22-CT-502130

_____

REBECCA LOUISE RABER,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the County Court for Lee County.
Maria E. Gonzalez, Judge.

October 31, 2025

MIZE, J.

Appellant, Rebecca Louise Raber ("Defendant"), timely appeals her judgment and sentence for one count of DUI and three counts of DUI with property damage.[1]

---

[1] Defendant listed eleven case numbers in her Notice of Appeal, all of which are therefore included in the caption of this case. However, the only four cases at issue in this appeal are 22-CT-502120, 22-CT-502121, 22-CT-502123, and 22-CT-502124. Two of the other cases, 22-CT-502122 and 22-CT-502130, were bifurcated by the trial court prior to the consolidated trial below. In five other cases, 22-CT-

She asserts a number of arguments on appeal. As explained below, we find merit in Defendant's arguments as to her conviction for simple DUI and her conviction for one of the three counts of DUI with property damage. Accordingly, we reverse her convictions on those counts and otherwise affirm her judgment. We also reverse two portions of her sentence as detailed herein and otherwise affirm her sentence.

## **Background and Procedural History**

On the day of the incident that gave rise to her prosecution, Defendant was driving under the influence of alcohol when she collided into two vehicles driving in front of her. Defendant then put her vehicle into reverse, accelerated, and collided with a third vehicle. The impact pushed the third vehicle into two parked cars, damaging those cars as well. Including other vehicles hit in some way during the incident, Defendant damaged a total of eight vehicles. Defendant's thirteen-year-old granddaughter was in the backseat of Defendant's vehicle throughout the incident.

The State filed an Information charging Defendant with nine misdemeanor DUI counts,[2] all arising out of this incident:

_____

502125, 22-CT-502126, 22-CT-502127, 22-CT-502128, and 22-CT-502129, the trial court entered a judgment of acquittal during the trial.

    [2] The Information included two more counts: refusal to submit to chemical or physical test of breath, blood, or urine; and driving while license cancelled, suspended, or revoked. Because those counts were bifurcated prior to the trial, they are not relevant to this appeal.

1. DUI with a minor in the vehicle; causing property damage to a pole or sign "owned or serviced by the City of Fort Myers or Marva Kauth."

2. DUI with a minor in the vehicle; causing property damage to a "Red Corolla owned by Flanigan Francishammer."

3. DUI with a minor in the vehicle; causing property damage to a "White Ford Focus owned by Sandra Estela Francis."

4. DUI with a minor in the vehicle; causing property damage to a "Nissan Frontier . . . owned by Holly Ann Bussey Incitti or driven by Holland Jacob Incitti."

5. DUI with a minor in the vehicle; causing property damage to a "Red Camry owned by Yveline Sainval."

6. DUI with a minor in the vehicle; causing property damage to a "White Camary [sic] owned by Janet Mari Balbona."

7. DUI with a minor in the vehicle; causing property damage to an "Equinox owned by Jose Adolfo Pulgarin Rubria."

8. DUI with a minor in the vehicle; causing property damage to a "Honda HRV owned by Mercedes Roston."

9. DUI with a minor in the vehicle; causing property damage to a "Mazda 3 owned by Pedro Morales Martinez."

The night before Defendant's trial, the State filed an Amended Information to reflect that each DUI was Defendant's "second or more" DUI conviction, as Defendant had three prior convictions for DUI, two of which were within the last ten years.

At the trial, after the State rested, Defendant moved for a judgment of acquittal on all counts. Finding there was no evidence about a damaged pole or sign, the trial

3

court removed the property damage portion from Count 1, leaving it as a simple DUI.

On Count 2, Defendant argued that there was no evidence that a red Corolla owned by Flanigan Francishammer was damaged. The trial court agreed that although there was evidence of Defendant hitting a red Toyota, there was no evidence that a person named Flanigan Francishammer owned it. The trial court struck the name of the owner from the Information, but left the description of the Red Corolla.

As to Counts 3 and 4, the court denied the motion for judgment of acquittal. As to Counts 5, 6, 7, 8 and 9, the court granted the motion for judgment of acquittal in full and dismissed those counts, which are not at issue on appeal.

After the judgment of acquittal ruling, Defendant asked the court to revisit Count 2. The defense questioned whether there was any evidence that the vehicle in Count 2 was a Corolla. After some discussion of the issue, and some apparent confusion between the two Toyotas in Counts 2 and 5, the court ordered a CD of a witness's trial testimony to determine whether he stated the model of the Toyota. While waiting for the CD, the parties agreed to go forward with the defense's case-in-chief.

After Defendant rested, she moved for a judgment of acquittal again on all counts based on the issue of impairment. The court denied the motion. Revisiting

4

the earlier argument concerning Count 2, the parties obtained the CD of the witness's testimony and took a recess to listen to it. Once back on the record, the State advised that it had filed a Second Amended Information. It amended Count 2 to remove the name of the victim, Francishammer, and to replace "Red Corolla" with "Red [T]oyota." Before entertaining Defendant's objection or ruling on whether it would accept the State's amendment, the trial court sent the jury home and ordered that the trial would continue the next day.

The next day, when the parties reconvened, the State had once again amended the Information, now having filed a Third Amended Information. In the Third Amended Information, Count 2 was changed back to what it was in the original Amended Information, but added the vehicle's make and an additional victim: "Red Toyota Corolla owned by Flanigan Francishammer or Sandra Estela Francis." The State explained that Sandra Francis, who testified that her Toyota and Ford Focus were damaged, was married to Francishammer. No evidence was presented during the trial regarding Francishammer's identity.

The trial court heard argument on the State's request to amend the Information. The State argued that it was permitted to amend the Information midtrial so long as there was no prejudice to Defendant. Defendant argued that the State amending the Information after the close of evidence would prejudice Defendant because Defendant had no opportunity to cross-examine the State's

5

witnesses regarding the new allegations in the Third Amended Information, and specifically that Defendant was not able to cross-examine witnesses to distinguish between the multiple red Toyota vehicles allegedly involved in the incident. Defendant's counsel also made the general point that they simply did not have the opportunity to plan or conduct their defense with the Third Amended Information in mind, as it was filed after the close of not only the State's case, but after the close of all evidence in the trial.

The trial court rejected Defendant's arguments and allowed the amendment, finding that there was no substantial change in the Third Amended Information. Based on the Third Amended Information and the trial court's ruling on the motion for judgment of acquittal, the following charges were submitted to the jury:

Count 1 - DUI with a minor in the vehicle;

Count 2 - DUI with a minor in the vehicle; causing property damage to a "Red Toyota Corolla owned by Flanigan Francishammer or Sandra Estela Francis."

Count 3 - DUI with a minor in the vehicle; causing property damage to a "White Ford Focus owned by Sandra Estela Francis."

Count 4 - DUI with a minor in the vehicle; causing property damage to a "Nissan Frontier . . . owned by Holly Ann Bussey Incitti or driven by Holland Jacob Incitti."

The jury found Defendant guilty as charged on all four counts. On Counts 1, 2, and 3, the court sentenced Defendant to twelve months of probation with a special condition of 364 days in jail and mandatory DUI probationary terms. On Count 4,

6

the court sentenced Defendant to twelve months of probation with DUI conditions. The sentences were consecutive. The court explained that the conviction on Court 4 did not have jail time because it would be "the one that will allow her to do the school and do all the other requirements that I have imposed" after being released from jail on the other three consecutive sentences. For all counts, the court also imposed various fines, costs and assessments, including a $33 assessment labeled, "Certain Traffic Offense Court Cost," pursuant to sections 318.17 and 318.18, Florida Statutes. For Counts 1, 2 and 4, the probationary conditions imposed by the court included her enrollment in and completion of DUI school, Phase II ("DUI School").[3] While the trial court's oral pronouncement indicated that Defendant would be required to complete DUI School during her probation term on Count 4, the court's written order of probation for each of these counts required Defendant to enroll in DUI School within ten days of her sentencing date and to complete the school within ninety days of her sentencing date.

Following imposition of her judgment and sentence, Defendant filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(b)(2). She raised two relevant arguments. First, Defendant claimed that no statutory authority supported the $33 assessments under sections 318.17 and 318.18, Florida

---

[3] The trial court's sentence on Count 3 did not include DUI School as part of the probation conditions.

Statutes (2022). Second, Defendant argued that her consecutive jail sentences on Counts 1, 2, and 3 prevented her from completing DUI school within ninety days of her sentencing. She reasoned she would still be in jail until she finished her sentence for Count 3. The trial court did not rule on Defendant's motion within sixty days, and we thus deem it denied. *See* Fla. R. Crim. P. 3.800(b)(2)(B).

## Analysis

Defendant makes a number of arguments on appeal. We find merit in the arguments discussed below.[4]

### I. The Third Amended Information.

Defendant argues that the trial court erred in allowing the State to amend the Information after the close of all evidence in the trial to add a new owner of the allegedly damaged vehicle in Count 2. Defendant argues, as she did at trial, that it was the State's burden at trial to demonstrate a lack of prejudice to Defendant from the amendment of the Information, and the State failed to meet that burden.

"[O]nce a trial commences, the State cannot amend the information without leave of court, and the court cannot grant leave to amend the information during trial if doing so would prejudice the substantial rights of the defendant." *State v. Clements*, 903 So. 2d 919, 922 (Fla. 2005) (quoting *State v. Anderson*, 537 So. 2d

---

[4] As to the remainer of Defendant's arguments, they are either without merit or moot in light of our reversal of Counts 1 and 2 on the grounds addressed herein.

1373, 1375 (Fla. 1989) (internal quotations, alterations omitted)); *see also Thach v. State*, 342 So. 3d 620, 624 (Fla. 2022) (With respect to midtrial amendments to the information, "the proper standard is an individualized showing of prejudice to the substantial rights of the defendant.").

"Prejudice, in this context, depends not on any one factor, but on the totality of the circumstances at the time of the amendment." *Thach*, 342 So. 3d at 624. "Where, under the facts and circumstances of the individual case, an amendment prejudices a defendant's substantial rights, that amendment would be improper." *Id.* at 625. When a trial court assesses whether an amendment would cause prejudice to the defendant, the burden is on the State to demonstrate a lack of prejudice. *Hoffman v. State*, 397 So. 2d 288, 290 (Fla. 1981).

In this case, Defendant is correct that the State failed to meet its burden to demonstrate that its filing of the Third Amended Information would not prejudice Defendant. Simply put, because the Third Amended Information was filed after the close of all evidence in the case, Defendant was not able to cross-examine the State's witnesses or examine her own witnesses regarding the new factual allegations in the Third Amended Information, i.e., that a red Toyota Corolla owned by Sandra Estela Francis was damaged as a result of Defendant's driving under the influence of

alcohol.[5]  For example, Defendant was not able to examine Francis or adduce independent testimony regarding whether Francis actually owned the red Toyota Corolla, whether the vehicle was damaged, and whether Francis saw who damaged it.  It is hard to imagine more obvious prejudice to the substantial rights of a defendant than the defendant being wholly prevented from mounting a defense to a new charge made against her.  Because the trial court erred in allowing the State to file the Third Amended Information, we reverse Defendant's conviction on Count 2, which was the only count affected by the amendment.

## II.     Double Jeopardy

Defendant argues that her conviction on Count 1 must be reversed because it constitutes a double jeopardy violation.[6]  We agree.[7]

"The double jeopardy protections in the United States and Florida Constitutions prohibit a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments

_____

[5] As explained above, the trial court had already determined that the State did not meet its burden of proof to establish that a red Toyota Corolla owned by Flanigan Francishammer was damaged as a result of Defendant's driving under the influence of alcohol.

[6] Defendant also argues that her conviction on Count 2 is a double jeopardy violation.  Because we reverse Defendant's conviction on Count 2 based on the trial court's error in permitting the State to file the Third Amended Information, we need only address Defendant's double jeopardy argument as to Count 1.

[7] "Although this issue was not raised below, a violation of double jeopardy constitutes fundamental error that may be raised for the first time on appeal." *Arroyo v. State*, 379 So. 3d 1218, 1218 n.2 (Fla. 6th DCA 2024).

for the same offense." *Neu v. State*, No. 6D2024-0677, 2025 WL 2552675, at *1 (Fla. 6th DCA Sep. 5, 2025) (citing *Trappman v. State*, 384 So. 3d 742, 747 (Fla. 2024)). "In applying each of the three guarantees, the essential determination is whether one charge against a defendant is for the 'same offense' as another charge against that defendant." *Trappman*, 384 So. 3d at 747. "[F]or double jeopardy protection to apply . . . the offenses must be 'the same *in law* and *in fact*.'" *Id*. (quoting *Burton v. United States*, 202 U.S. 344, 380 (1906) (internal quotations omitted)).

In this case, only the third protection – multiple punishments for the same offense – is at issue. "There is no constitutional prohibition against multiple punishments for different offenses arising out of the same criminal transaction as long as the Legislature intends to authorize separate punishments." *Neu*, 2025 WL 2552675, at *2 (quoting *State v. Shelley*, 176 So. 3d 914, 917 (Fla. 2015) (internal alterations omitted)). "But, for cases where the Legislature has not expressly authorized separate punishments for two crimes arising from the same criminal transaction or episode, a framework for analyzing multiple-punishment double jeopardy questions is laid out in *Blockburger v. United States*, 284 U.S. 299 (1932)." *Id*. (quoting *Trappman*, 384 So. 3d at 747 (internal quotations, alterations omitted)). "*Blockburger* addresses the distinct questions of how to determine both whether

11

offenses are the same 'in fact' and whether they are the same 'in law.'" *Id*. (quoting

*Trappman*, 384 So. 3d at 747 (internal quotations omitted)).

> Under *Blockburger*'s reasoning, multiple punishments for violations of a single criminal prohibition are permissible if the prohibition is aimed at singular acts—as opposed to a continuous offense or course of criminal conduct—and the defendant's conduct involves separate acts stemming from "successive impulses." And multiple punishments for a single act that violates separate criminal prohibitions are permissible if the separate prohibitions each require proof of a fact not required to establish a violation of the other prohibition.

*Id*. (quoting *Trappman*, 384 So. 3d at 747).

> *Blockburger* ultimately provides courts with two tests to apply: (1) where the defendant is convicted multiple times under the same statute for acts that occurred during the course of a single criminal episode, a "distinct acts" test is used, but (2) where a defendant is convicted under multiple statutes for one act, the "different elements" test applies.

*Id*. (quoting *Trappman*, 384 So. 3d at 747 (quoting *Graham v. State*, 207 So. 3d 135,

141 (Fla. 2016))).

"The Florida Legislature codified the *Blockburger* 'different elements' test in

the 'rules of construction' section of the Florida Criminal Code, which provides, in

pertinent part:

> (a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.

(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction . . . . Exceptions to this rule of construction are:

1. Offenses which require identical elements of proof.

2. Offenses which are degrees of the same offense as provided by statute.

3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.

*Id*. (quoting § 775.021(4), Fla. Stat. (2025)). Under the statute, "multiple punishments for a criminal act that violates multiple criminal provisions are precluded if the provisions fall outside the ambit of the last sentence of subsection (4)(a) or within the exceptions of subsection (4)(b)." *Trappman*, 384 So. 3d at 750.

Defendant argues that her conviction for simple DUI based on the same conduct for which she was convicted of DUI with property damage violates the prohibition against double jeopardy. She is correct.

"DUI is a continuing offense for which only one conviction may be maintained for each episode." *Labovick v. State*, 958 So. 2d 1065, 1068 (Fla. 4th DCA 2007) (citing *State v. Witcher*, 737 So. 2d 584, 586 (Fla. 1st DCA 1999)). "Generally, a separate criminal episode occurs when there is a sufficient temporal break that allows the offender to reflect and form a new criminal intent." *Id*. In this case, there was a single instance of Defendant driving under the influence of alcohol. The evidence at trial showed no temporal break in her driving sufficient for her to reflect and form a new intent to commit a separate act of driving under the influence.

13

Because Defendant's convictions arose from a single criminal episode, and because the DUI statute, section 316.193, Florida Statutes (2022), does not express clear legislative intent to authorize or prohibit separate punishments, "the next inquiry is whether separate punishments for the two convictions violate the *Blockburger* test, as codified in section 775.021(4)." *Valdes v. State*, 3 So. 3d 1067, 1070 (Fla. 2009). Defendant's separate convictions of simple DUI and DUI with property damage do violate the test.[8]

A person commits a simple DUI when he or she violates subsection (1) of section 316.193, which provides in pertinent part:

> (1)   A person is guilty of the offense of driving under the influence . . . if the person is driving or in actual physical control of a vehicle within this state and:
>
>> (a) The person is under the influence of alcoholic beverages . . . when affected to the extent that the person's normal faculties are impaired; . . . .

§ 316.193(1)(a), Fla. Stat. A person commits a DUI resulting in property damage when he or she violates subsection (3)(c)1. of section 316.193:

---

[8] Defendant's convictions on Counts 3 and 4 do not constitute double jeopardy violations because there is no prohibition on multiple convictions for DUI with property damage where there are multiple victims. *See Hertzschuch v. State*, 687 So. 2d 52, 53 (Fla. 3d DCA 1997) (citing *Melbourne v. State*, 679 So. 2d 759, 765 (Fla. 1996)); *but see Thompson v. State*, 351 So. 3d 241, 242 (Fla. 2d DCA 2022) (holding that multiple convictions for DUI with property damage where all of the damaged property is owned by a single victim does constitute a double jeopardy violation).

(3) Any person:

    (a) Who is in violation of subsection (1);

    (b) Who operates a vehicle; and

    (c) Who, by reason of such operation, causes or contributes to causing:

        1. Damage to the property or person of another commits a misdemeanor of the first degree . . . .

§ 316.193(3)(c)1., Fla. Stat.

Since a conviction of DUI with property damage explicitly requires that the defendant committed the offense of simple DUI, the offenses of simple DUI and DUI with property damage cannot be said to each require proof of an element that the other does not. Simple DUI does not require proof of any element that DUI with property damage does not require. In addition to falling outside the scope of section 775.021(4)(a), simple DUI, as compared to DUI with property damage, also falls within two of the exceptions in section 775.021(4)(b), as the statutory elements of simple DUI are subsumed by DUI with property damage, and simple DUI and DUI with property damage are also degrees of the same offense as provided by the DUI statute. *See Velazco v. State*, 342 So. 3d 614, 619 (Fla. 2022) (holding that DUI offenses are degrees of the same offense under the DUI statute); *Powers v. State*, 316 So. 3d 352, 356-57 (Fla. 4th DCA 2021) (simple DUI is a lesser-included offense of DUI causing property damage); *Labovick*, 958 So. 2d at 1068 (simple DUI is subsumed by DUI manslaughter); *Witcher*, 737 So. 2d at 586 (simple DUI is

15

a necessarily lesser included offense to DUI causing serious bodily injury to another).

Because the offenses of simple DUI and DUI with property damage arising out of the same criminal episode do not constitute separate offenses under section 775.021(4)(a), and also fall within two exceptions of section 775.021(4)(b) even if they were separate offenses, the trial court erred by sentencing Defendant for both simple DUI and DUI with property damage. Accordingly, we reverse Defendant's conviction for Count 1, simple DUI. *See Pizzo v. State*, 945 So. 2d 1203, 1206 (Fla. 2006) ("When an appellate court determines that dual convictions are impermissible, the appellate court should reverse the lesser offense conviction and affirm the greater.").

## III. Certain Traffic Offense Court Cost in the amount of $33.

As noted above, for both Counts 3 and 4, among other fines, costs and assessments, the trial court imposed on Defendant a $33 assessment labeled, "Certain Traffic Offense Court Cost," pursuant to sections 318.17 and 318.18, Florida Statutes.[9] Defendant argues that there is no authority permitting imposition of this cost, and she is right. While section 318.18 authorizes various penalties for traffic infractions, these penalties do not apply to DUI convictions. § 318.17(3), Fla.

---

[9] The trial court also imposed this assessment for Counts 1 and 2. Since we reverse Defendant's convictions on Counts 1 and 2, her appeal of the sentences for these counts is moot.

16

Stat. (2022). Therefore, we reverse this portion of Defendant's sentences on Counts 3 and 4, and remand for the trial court to strike this assessment from her sentences.

## IV. DUI School.

As noted above, as part of her probation conditions on Count 4, the trial court ordered that Defendant enroll in DUI School within ten days of her sentencing date and that she complete the school within ninety days of her sentencing date.[10] Defendant argues that these conditions were not orally pronounced, and also that Defendant cannot possibly complete DUI School within ninety days of her sentencing because she will be incarcerated during that period of time.

"It is well-established that when a trial court's written order is inconsistent with its earlier oral pronouncement, the oral pronouncement generally controls and the written order must be reversed." *Silver v. Goodrich*, 390 So. 3d 1230, 1230 (Fla. 4th DCA 2024) (quoting *Johansson v. Johansson*, 348 So. 3d 1153, 1155 (Fla. 4th DCA 2022) (internal quotations, alterations omitted)). In this case, the trial court specifically pronounced at Defendant's sentencing that the purpose of sentencing Defendant to only probation on Count 4 was for Defendant to complete the probation conditions, including DUI School. However, the probation order entered by the trial court specifically requires Defendant to enroll in DUI School within ten days of her

---

[10] The trial court also imposed these probation conditions for Counts 1 and 2. Since we reverse Defendant's convictions on Counts 1 and 2, her appeal of the sentences for these counts is moot.

17

sentencing date and to complete DUI School within ninety days of her sentencing date. In addition to it being impossible for Defendant to complete DUI School while she is incarcerated, Defendant is correct that this portion of her sentence is inconsistent with the trial court's oral pronouncement at sentencing. Accordingly, we reverse this portion of Defendant's probation conditions for Count 4, and remand for the trial court to amend its probation order to conform to its oral pronouncement.

## Conclusion

For the foregoing reasons, Defendant's convictions on Counts 1 and 2 are reversed, and her sentences on Counts 3 and 4 are reversed to the extent stated herein. Defendant's convictions on Counts 3 and 4, and all parts of her sentences on such counts not reversed in this opinion, are affirmed.

AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings.

TRAVER, C.J., and WHITE, J., concur.

Blair Allen, Public Defender, and Lisa Martin, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Wendy Buffington, Senior Assistant Attorney General, Tampa, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED